1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JERALD RAY COSTA, JR.,                    )
                                          )
           Petitioner,                    )        3:16-cv-00705-HMD-VPC
                                          )
vs.                                       )        **ORDER**
                                          )
ISIDRO BACA, *et al.*,                    )
                                          )
           Respondents.                   )
_____ /

14        On December 20, 2016, this court denied petitioner's motion to proceed *in forma pauperis*

15   and directed him to pay the filing fee in order to proceed with his petition for writ of habeas corpus

16   pursuant to 28 U.S.C. § 2254.  ECF No. 4.  He has complied with that order and paid the required

17   fee.  ECF No. 5.  The court has reviewed the petition pursuant to Habeas Rule 4, and the petition

18   shall be served upon the respondents.

19        In his petition, petitioner contends that, due to confusion arising from his two criminal cases

20   being consolidated in state court, some of his claims for habeas relief have not been addressed by the

21   state court.  He further contends that, due to clerical errors, he is in jeopardy of failing to comply

22   with the statute of limitations applicable to federal habeas petitions (28 U.S.C. § 2244(d)).

23   Accordingly, he asks this court to stay this federal habeas proceeding pending the state court

24   exhaustion of his habeas claims.

25        The federal court may stay a petition containing both exhausted and unexhausted claims if:

26   (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and

(3) petitioner has not engaged in dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).   The United States Supreme Court has held that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005),   The Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition and ask the federal court for a stay and abeyance. *Id.*

Because petitioner's federal petition is appropriately filed as a protective petition, a stay and abeyance of this federal habeas corpus proceeding is warranted.  Thus, the court shall stay these proceedings pending petitioner's exhaustion of state court remedies.

Petitioner has also filed a motion for appointment of counsel.  ECF No. 6.  There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Here, the court finds that the motion for appointment of counsel is premature.  Petitioner will need to file a motion to re-open the case after his state post-conviction proceedings have concluded. Further, petitioner shall file a motion to file an amended petition and attach a proposed amended petition.  Such amended petition shall clearly and concisely set forth the factual basis for his claims, as well as demonstrate that the petition is timely and that his claims are exhausted.  At that time,

2

1  petitioner may renew his motion for appointment of counsel if he is able to demonstrate that the

2  complexities of his case are such that a denial of counsel would amount to a denial of due process.

3  Accordingly, the motion for appointment of counsel is denied without prejudice.

4      IT IS THEREFORE ORDERED that the Clerk shall file the petition and electronically serve

5  it on the respondents.  Respondents shall not be required to respond to the petition until so directed

6  by the court.

7      IT IS FURTHER ORDERED that the Clerk shall add Adam Paul Laxalt, Nevada Attorney

8  General, as counsel for respondents.

9      IT IS FURTHER ORDERED that this action is STAYED pending final resolution of

10  petitioner's state post-conviction proceedings.

11      IT IS FURTHER ORDERED that the grant of a stay is conditioned upon petitioner returning

12  to federal court with a motion to reopen the case within thirty (30) days of the issuance of the

13  remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings.

14      IT IS FURTHER ORDERED that the Clerk SHALL ADMINISTRATIVELY CLOSE this

15  action, until such time as the court grants a motion to reopen the matter.

16      IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (ECF No.

17  6) is DENIED without prejudice.

18      Dated this 24th day of January, 2017.

19

20  _____
    UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

3