UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JERALD REY COSTA, JR.,<br><br>                Petitioner,<br>v.<br><br>ISIDRO BACA, *et al.*,<br><br>                Respondents. | Case No. 3:16-cv-00705-HDM-CLB<br><br>ORDER |

This is a federal habeas proceeding under 28 U.S.C. § 2254 brought by Jerald Rey Costa, Jr., a Nevada prisoner. Respondents have filed a motion to dismiss Costa's habeas petition arguing that Ground 1 is not cognizable as a stand-alone claim and that Grounds 2(1-3) and 3 are not cognizable because they allege constitutional violations that occurred prior to Costa's guilty plea. ECF No. 22. For reasons that follow, the motion to dismiss is granted, in part, and denied, in part.

I.    **PROCEDURAL BACKGROUND**

In December 2010, Costa was charged with murder with use of a firearm based on allegation that he shot Anthony Pulice with a handgun in a bar in Sparks, Nevada. After Costa entered a guilty plea to first-degree murder, the Second Judicial District for Nevada (Washoe County) entered a judgment of conviction in August 2011, sentencing him to life with the possibility of parole after 20 years. Costa appealed. In May 2012, the Nevada Supreme Court affirmed the judgment.

In January 2014, Costa filed a counseled supplemental state petition for writ of habeas corpus, seeking post-conviction relief. After holding an evidentiary hearing, the

state district court held denied the petition. Costa appealed. In November 2016, the Nevada Supreme Court affirmed the denial of Costa's petition.

In late 2016, Costa submitted his original federal habeas petition. This Court stayed this matter while Costa's state proceedings were ongoing. During the stay, Costa filed a pro per state habeas petition, a motion to vacate his judgment of conviction, a motion for a new sentencing hearing and a motion to re-consider sentence, all of which were denied.

In May 2022, this court reopened this case and, soon thereafter, Costa filed the amended petition that is the subject of respondents' motion to dismiss.

## II. DISCUSSION

### A. Ground 1

In Ground 1, Costa alleges that he is "actually innocent" of first-degree murder because his alcoholic blackout and mental impairments prevented him from forming the requisite intent for first-degree murder and because Pulice died from pneumonia, not from being shot. Respondents argue that the ground should be dismissed because claims of actual innocence are not cognizable as a stand-alone claim on federal habeas review.

The Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-405 (1993)). Thus, it is questionable whether Ground 1 is cognizable on habeas review as presented. However, it is not necessary for the court to resolve that question because Ground 1 fails as an actual innocence claim.

To be credible, an actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner must

show that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime. *See House v. Bell*, 547 U.S. 518, 536-37 (2006).

In this case, there was no trial because Costa entered a guilty plea. Indeed, Costa's claim of actual innocence is fully inconsistent with his plea of guilty, which is entitled to a strong presumption of truth. *See Muth v. Fondren*, 676 F.3d 815, 821-22 (9th Cir. 2012) (finding that petitioner was not entitled to application of the § 2255 escape hatch where his claim of actual innocence was contradicted by his guilty plea); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] ... constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). The Supreme Court has recognized the possibility of actual innocence in the guilty plea context, but in only in a case where there was a retroactive intervening change in the law. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). In one case, the Ninth Circuit assumed that a claim of actual innocence was available to a petitioner who plead guilty but declined to resolve the issue because the petitioner failed to meet the *Schlup* standard. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007).

In any case, Costas has not presented, or even identified, new reliable evidence demonstrating that he is actually innocent of first-degree murder. Any evidence that might support his broad claims regarding lack of intent and proximate cause was presumably available at the time he entered his guilty plea. Costa makes no claim to the contrary. If that is the case, he may have a cognizable claim based on ineffective assistance of counsel, but not based on actual innocence. Accordingly, Ground 1 is dismissed.

### B.  Grounds 2(1-3) and 3

In Grounds 2(1-3) and Ground 3, Costa alleges that he was deprived of effective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments. Respondents argue that these grounds should be dismissed because they are premised on alleged deprivations of Costa's constitutional rights that occurred prior to the entry of his guilty plea. In *Tollett v. Henderson*, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. *Id.* An exception to this general rule is "that a habeas petitioner may 'attack the voluntary and intelligent character of the guilty plea' based on pre-plea ineffective assistance of counsel 'by showing that the advice he received from counsel was not within the' 'range of competence demanded of attorneys in criminal cases.'" *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing *Tollett*, 411 U.S. at 267–69). The court in *Mahrt* clarified that this exception to the *Tollett* bar is not limited to incompetent advice from counsel and extends to instances in which "the action, or inaction, of counsel prevent[ed] petitioner from making an informed choice whether to plead." *Id*.

In Grounds 2(1-3) and 3, Costa claims that his trial counsel, Jennifer Lunt, performed below the constitutional standard for two reasons.[1] First, he alleges that Lunt failed to investigate whether he lacked the requisite intent to commit first-degree murder because, at the time of the shooting, he was experiencing an alcoholic blackout and had

---

[1] While respondents divide Grounds 2(1-3) and 3 into four separate claims (ECF No. 22 at 2), Ground 2(3) and Ground 3 merely supplement the allegations made in Ground 2(1) and Ground 2(2).

4

not been taking his medication for other mental health conditions. Second, he alleges Lunt failed to investigate whether Pulice had pulled a knife on him before he shot Pulice.

If Lunt failed to investigate viable defenses, as Costa claims, such failure could have adversely impacted the advice Lunt gave Costa and Costa's decision to enter a guilty plea. In other words, it could have prevented Costa "from making an informed choice whether to plead." *Mahrt*, 849 F.3d at 1170. Consequently, the court concludes that the two grounds for relief alleged in Grounds 2(1-3) and 3 are not barred under *Tollett*. See id., see also Hill v. Lockhart, 474 U.S. 52, 59 ((1985) (recognizing that counsel's failure to investigate can prejudice defendant by impacting counsel's recommendation as to a guilty plea).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 22) is GRANTED, in part, and DENIED, in part. Ground 1 of the amended petition for a writ of habeas corpus (ECF No. 14) is dismissed.

**IT IS FURTHER ORDERED** that respondents have 60 days from the date this order is entered to file an answer responding to the remaining claims in the amended petition. With their answer, respondents shall supplement the record with a copy of the transcript of the preliminary hearing conducted on July 8, 2010, in Case No. SJC 10-1108 (Sparks Justice Court).[2]

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time (ECF No. 24) is GRANTED *nunc pro tunc* to November 9, 2022.

DATED this 28th day of March, 2023.

*Howard D. McKibben*
UNITED STATES DISTRICT JUDGE

---

[2] Prior to Pulice's death, the Sparks Justice Court held a preliminary hearing on a charge of attempted murder. When the State subsequently brought a murder charge, the Sparks Justice Court held another preliminary hearing at which it took judicial notice of the prior hearing and heard testimony limited to the cause of Pulice's death. *See* ECF No. 19-7 at 5-6. The current record contains a transcript of the second hearing (ECF No. 19-7), but not the first. Accordingly, the court directs respondents to provide a transcript of the first hearing if it is available.