UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JERALD REY COSTA, JR.,

        Petitioner,

v.

ISIDRO BACA, *et al.*,

        Respondents.

Case No. 3:16-cv-00705-HDM-CLB

ORDER

    In this is a federal habeas proceeding under 28 U.S.C. § 2254, petitioner, Jerald Rey Costa, Jr., has filed a motion to stay these proceedings while he seeks relief in state court based on state case law that, according to him, was not available when he filed his federal petition. ECF No. 36. He has also filed a motion for appointment of counsel and motions for extension of time. ECF Nos. 38-41. For reasons that follow, the court will allow Costa more time to file a reply in support of his petition, but will deny the other motions.

    When a federal habeas petition contains claims that have not been presented to the state court, a federal habeas petitioner may seek to stay the federal proceedings to return to state court to exhaust state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). Here, however, the ineffective assistance of counsel claims Costa wishes to present to the state court are not included in his federal petition and the petition is fully exhausted. Moreover, the court is not convinced that the claims were not available to Costa at the time of his state court conviction. *See Gonzales v. State*, 492 P.3d 556, 561 (Nev. 2021) ("We have never once suggested that ineffective-assistance-of-counsel

claims arising after the plea might be waived, [and] have repeatedly entertained petitions alleging ineffective assistance of counsel arising after a guilty plea.") Thus, Costa's new claims are most likely procedurally defaulted, which means that amendment of his federal petition would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) ("Futility alone can justify the denial of a motion for leave to amend.") (citation omitted). Because a stay would not benefit Costa and only serve delay these proceedings, his motion to stay shall be denied.

As for appointing counsel, Costa does not provide any reasons for this court to reconsider its prior decision to not appoint counsel. See ECF No. 16. Thus, his renewed motion to appoint counsel shall also be denied.

Finally, with his most recent motion for extension of time, Costa asks the court to allow him an additional 90 days to file a reply to respondents' answer (ECF No. 31). ECF No. 41.  Respondents have not filed an opposition to the motion.  Good cause appearing, the court will grant the extension.

**IT IS THEREFORE ORDERED** that Costa's motion to stay (ECF No. 36) and motion for appointment of counsel (ECF No. 38) are DENIED.

**IT IS FURTHER ORDERED** that Costa's most recent motion for extension of time (ECF No. 41) is GRANTED. Costa has until April 1, 2024, to file a reply to respondents' answer (ECF No. 31).

**IT IS FURTHER ORDERED** that Costa's prior motions for extension of time (ECF Nos. 39/40) are DENIED as moot.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to supplement the record (ECF No. 34) is GRANTED *nunc pro tunc* as of September 5, 2023.

DATED this 8th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE